UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCA MORALEZ,<br>　　　　　　Plaintiff,<br>　　v.<br>DARAKAR, INC., et al.,<br>　　　　　　Defendants. | Case No. 17-cv-00648-KAW<br><br>**ORDER DISCHARGING ORDER TO SHOW CAUSE; GRANTING MOTION FOR ADMINISTRATIVE RELIEF**<br><br>Re: Dkt. Nos. 23, 26 |

Plaintiff Francisca Moralez filed her complaint in this action on February 9, 2017. The last day for the joint inspection of premises was May 25, 2017, and the Plaintiff's notice of need of mediation was due within 42 days of the joint site inspection. (*See* Scheduling Order at 1, Dkt. No. 4; General Order 56 ¶ 7.) Plaintiff did not file a notice of need of mediation, and on September 14, 2017, the Court issued an order to show cause, requiring Plaintiff to explain why the case should not be dismissed for failure to prosecute. (Dkt. No. 16.)

That same day, Plaintiff filed a response, stating that the parties had discussed a potential resolution and that she had exchanged an initial settlement agreement with one of the Defendants. (Dkt. No. 16 ¶¶ 4, 6-7.) Plaintiff also stated that she would meet and confer with Defendants about a stipulation for administrative relief from the deadlines. (*Id.* ¶ 13.)

On October 3, 2017, the Court discharged the order to show cause. (Dkt. No. 17.) The Court noted, however, that Plaintiff had not filed a stipulation for administrative relief from the deadlines, and ordered Plaintiff to file a request or stipulation and proposed order for administrative relief from the deadlines within 14 days of the order. (*Id.* at 2.) The Court stated that the request for administrative relief need not be filed if Plaintiff filed a notice of settlement of the entire case. (*Id.*)

Plaintiff did not file a request or stipulation and proposed order for administrative relief. On November 15, 2017, the Court issued a second order to show cause, again requiring Plaintiff to show cause why the case should not be dismissed for failure to prosecute, and ordering Plaintiff to file a request and proposed order for administrative relief from the deadlines. (Dkt. No. 18.)

On December 6, 2017, Plaintiff filed an untimely response to the November 15, 2017 order to show cause. (Dkt. No. 19.) Plaintiff stated that the parties were still working on settling the case, but that due to uncertainty about the future of the subject property, "the case has languished." (*Id.* ¶¶ 11, 13, 15.) Plaintiff thus requested a "brief continuance" to allow her to file for administrative relief. (*Id.* ¶ 17.)

On December 8, 2017, the Court discharged the second order to show cause, and ordered Plaintiff to file a request or stipulation and proposed order for administrative relief by December 15, 2017. (Dkt. No. 20.) On December 15, 2017, Plaintiff filed a request for administrative relief, stating that the settlement agreement had not been fully executed and requesting additional time. (Dkt. No. 21.) On December 19, 2017, the Court granted Plaintiff's request and extended the deadline for filing the notice of need for mediation to March 19, 2018. (Dkt. No. 22.)

After Plaintiff again failed to file her notice for need of mediation, the Court issued a third order to show cause on May 9, 2018, requiring that Plaintiff show cause why the case should not be dismissed for failure to prosecute by May 23, 2018. (Dkt. No. 23.) On May 31, 2018, Plaintiff's counsel, Attorney Russell S. Humphrey filed a declaration stating that Plaintiff had terminated the attorney-client relationship on the instant case, and that counsel expected a substitution of attorney would be filed within a day. (Dkt. No. 24 ¶ 4, 6.) On June 2, 2018, Attorney Humphrey filed a second declaration in response to the order to show cause, explaining that the failure to respond was due to "[his] neglect," and that the "delay in the prosecution of this matter w[as] due to [his] oversight and mistake." (Dkt. No. 25 ¶¶ 6, 19.) Attorney Humphrey also explained that Plaintiff's new counsel would not take over the case as long as the order to show cause was pending. (*Id.* ¶ 8.) Attorney Humphrey again acknowledged that he had "missed deadlines," that his conduct was "unacceptable" and "wrong," and that "there is simply no suitable excuse." (*Id.* ¶ 20.) Plaintiff also filed an administrative motion for relief from General Order 56,

which proposed no new dates. (Dkt. No. 26.)

The Court agrees that Attorney Humphrey's conduct in this case has been unacceptable, and that his actions have caused repeated delays to this case. Attorney Humphrey is reminded, once again, of his obligation to follow court orders and deadlines, in both this and any other cases in which he is counsel of record. (*See* Dkt. No. 20 at 2.) Nevertheless, as Attorney Humphrey has been terminated as counsel, and the required administrative motion for relief has been filed, the Court DISCHARGES the order to show cause.

The administrative motion for relief is GRANTED. Plaintiff shall file her notice for need of mediation by **July 6, 2018**, or file an administrative motion for relief if additional time is necessary. In the meantime, Plaintiff shall resolve the matter of who Plaintiff's counsel is, including filing a substitution of counsel, as soon as practicable.

IT IS SO ORDERED.

Dated: June 14, 2018

KANDIS A. WESTMORE
United States Magistrate Judge